Judge Mills
delivered the Opinion of the Court.
This is a judgment in an action of covenant, rendered for the defendant below, now defendant in error, tried on the plea of covenants performed.
The covenant, in its material parts, reads thus;
“The said Levi Brashear hath this day rented to said Chandler, his plantation in Bullitt county, whereon she now lives, for the term of one year from the first day of March, 1822, for the sum of two hundred and fifty dollars, current of Kentucky; to be paid to the said Levi Brashear, on or before the first day of January, 1823; and it is further agreed that the said Chandler is to deliver said farm to said Brashear, on the first day of March, 1823, in good tenantable repair in every respect."
The only breach assigned is, that the defendant, on the day appointed, did not deliver up the premises in good tenantable repair in every respect.
The court below excluded the evidence conducing to show that the premises were not in tenanta-ble repair generally, when delivered up, and confined the plaintiff to proof of damage done, or waste permitted or done within the term of the lease, and left unrepaired.
In confining this covenant to the situation of the premises when leased, and applying it only to the reparation of injuries during the term, we conceive that Gourt erred.
A covenant to deliver the premises at the expiration of the term, in good tenandble repair in evert/ respect, binds the covenant- or to restore the premises in such ten-antable condition, without any reference to the condition in which he received them.
Wicklijfe, for plaintiff.
A covenant simply to repair, may be construed to embrace only the making good what may be damaged ad interim; but this is not simply a covenant to repair. By its express stipulation, the intention is manifest, that the farm shall be put into good tenantable repair during the year, whatever its situation might be when rented, and this is part of the compensation for the enjoyment. Had less been intended, the parties.could not have been more unfortunate in the choice of the words to express it. It conld not mean less than that the buildings should be fit to dwell in with comfort, and thp enclosures should be sufficient to protect and secure a crop. There is no reference at all to the situation of the premises at the commencement of the lease. That is not made the standard by which its situation should be measured when restored. But in every respect the premises are to be tenantable. There is not room left for construction limiting the stipulation to the state in which the premises were when the lease was made; but the order of tenantqjde repair in every rpspect is the only limit that we can assign, as the measure of this covenant on the part of the lessor. There were other questions made, but as they grew out of the limited construction given by the court below, to tlie writing sued on, it is unnecessary that we should notice them.
The judgment must be reversed, and the verdict be set aside with costs, and the cause be remanded for new proceedings, not inconsistent with this opinion.